UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD MC ELMURRY and EVA MC ELMURRY, INDIVIDUALLY and the marital community thereof,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RUSSELL INGEBRITSON and JANE DOE INGEBRITSON INDIVIDUALLY, and the marital community thereof and AGENTS/ OWNERS OF INGEBRITSON and ASSOCIATES, A MINNESOTA ENITY,<br><br>　　　　Defendants. | No. 2:16-cv-00419-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

　　Before the Court is Plaintiffs' Motion for Summary Judgment, ECF No. 20. The Court held a hearing on November 7, 2017, in Spokane, Washington. Plaintiffs were represented by Troy Nelson and Ryan Best, and Defendants by Markus Louvier. The Court took the motion under advisement. For the reasons stated herein, Plaintiffs' motion is denied.

//

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** + 1

**Background**

On November 30, 2017, Plaintiffs Edward and Eva McElmurry filed a Complaint for Legal Malpractice against Russel and Jane Doe Ingebritson and Agents/Owners of Ingebritson and Associates. ECF No. 1. Plaintiffs allege that Edward McElmurry ("Plaintiff") was injured in a car accident on the job while employed with BNSF Railroad ("BNSF"). Plaintiff contends that Russell Ingebritson ("Defendant") agreed to represent him on a contingent fee basis in a Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, lawsuit against BNSF. Plaintiff further alleges that Defendant failed to file a FELA action prior to the expiration of the statute of limitations. Accordingly, Plaintiff brings a legal malpractice action to recover damages from the injuries he suffered.

**Disputed Facts**

Plaintiff was an electronic technician working in the telecommunications department for BNSF. In June 2012, the BNSF Pasco yard was short staffed and Plaintiff was ordered to drive to Pasco to assist in a projects completion. For travel, Plaintiff was provided a 1997 BNSF Jeep Cherokee. On June 15, 2012, Plaintiff was driving to Spokane from Pasco in the work vehicle and was on-the-clock. Near the Cheney-Tyler exit, Plaintiff slowed his speed due to an accident when he was rear-ended by a large SUV traveling at full highway speed. He was injured in the accident. Plaintiff notes that the Jeep did not have reflective tape on the back and was not equipped with a strong metal mesh barrier between the driver compartment and the rear like several other BNSF vehicles.

After the accident, Plaintiff hired Jim Sweetser to represent him in an underinsured motorist lawsuit against the other driver. Sweester, however, was unfamiliar with FELA and advised Plaintiff to retain a different attorney; the union recommended Defendant.

Plaintiff proffers the following. Plaintiff spoke to Defendant around October or November of 2014. Defendant stated he would pursue a FELA action

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** + 2

on behalf of Plaintiff on a contingency fee basis. In late 2014, Plaintiff gave Andrew Day of BNSF a settlement demand letter drafted by Sweester, which Defendant later asked to see, along with medical records. Plaintiff had several additional phone calls with Defendant and told his coworkers that Defendant was representing him in a FELA action. Defendant later became aware that Plaintiff may have a claim against BNSF for asbestosis and advised Plaintiff on the same. When Day asked Plaintiff to give a statement, Plaintiff called Defendant, who advised Plaintiff not to give a statement. The statute of limitations expired in June 2015; no lawsuit was filed.

Defendant offers the following version of the facts. Defendant received a call from Plaintiff in 2014. Due to Defendant's membership in DLC (full name unknown), he is obligated to provide free assistance to union members. Defendant agreed to hear Plaintiff out. Plaintiff stated that a former attorney obtained a $300,000 settlement on his behalf and Plaintiff was angry about the one-third contingency fee collected. Defendant stated it was unlikely anything could be done with the settlement and proceeded to explain FELA and noted that BNSF's negligence would have to be the cause of Plaintiff's injuries. Defendant expressed doubt that Plaintiff had a viable FELA claim, stating that it was unlikely that reflective tape would have any impact on the occurrence of an accident that occurred in broad-daylight.

From the outset, Plaintiff understood the three-year statute of limitations. Defendant was clear that he would not represent Plaintiff, but would help him explore other potential claims. Plaintiff never asked for Defendant's formal representation, nor did the parties enter into a fee agreement. Plaintiff and Defendant exchanged more phone calls. Defendant explained any future claim would be accompanied by a standard written fee agreement. At the time Defendant was engaged in an epidemiological study with the union because potential conditions and diseases could arise out of workplace exposures.

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** + 3

Defendant stated he would explore to see if Plaintiff may have a claim and considered the current and future health of his wife. The parties engaged in no discussions about a fee arrangement or the handling of costs. Plaintiff stopped calling Defendant and while the parties did interact from time to time, Defendant never agreed to act as Plaintiff's attorney, the firm did not represent Plaintiff, and Defendant did not open or begin the process of opening a litigation file. Defendant did not ask to contact Plaintiff's prior attorney nor did he receive any file materials from the prior case. Plaintiff never asked what Defendant was doing, ask for copies of papers, ask Defendant to do something or inquire as to what Defendant had done on his behalf. Indeed, Plaintiff interacted directly with BNSF, as he would be free to do as an unrepresented employee; he never asked Defendant to contact BNSF.

## Legal Standard

Summary judgment is appropriate if the pleadings, discovery, and affidavits demonstrate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

When considering a motion for summary judgment, the Court neither weighs evidence nor assesses credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When relevant facts are not in dispute, summary judgment as a matter of law is appropriate, *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), but "[i]f

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** + 4

reasonable minds can reach different conclusions, summary judgment is improper." *Kalmas v. Wagner*, 133 Wn. 2d 210, 215 (1997).

**Discussion**

Plaintiff asks the Court to enter summary judgment in its favor that an attorney-client relationship between Plaintiff and Defendant existed; Defendant breached his duty to Plaintiff by failing to file a FELA claim before the expiration of the statute of limitations; and BNSF is liable for Plaintiff's injuries under FELA by failing to install reflective tape on the back of the Jeep and failing to provide mesh netting to secure tools inside the vehicle. Primarily at issue in this case is whether an attorney-client relationship was ever formed.

In order to establish a legal malpractice claim, plaintiff must demonstrate "(1) [t]he existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred." *Hizey v. Carpenter*, 119 Wn.2d 251, 260-61 (1992). "To comply with the duty of care, an attorney must exercise the degree of care, skill, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law in this jurisdiction"; in Washington, the standard of care is statewide. *Id.* at 261.

"The existence of an attorney/client relationship is a question of fact, the essence of which may be inferred from the parties' conduct or based upon the client's reasonable subjective belief that such a relationship exists." *Teja v. Saran*, 68 Wn. App. 793, 795 (citing *Bohn v. Cody*, 119 Wn.2d 357, 363 (1992)). As the Washington State Supreme Court has noted, "[t]he essence of the attorney/client relationship is whether the attorney's advice or assistance is sought and received on legal matters." *Bohn*, 119 Wn.2d at 363. "The relationship

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** + 5

need not be formalized in a written contract," and "[w]hether a fee is paid is not dispositive." *Id.* "The existence of the relationship 'turns largely on the client's subjective belief that it exists'" but that belief "does not control the issue unless it is reasonably formed based on the attending circumstances, including the attorney's words and actions." *Id.* (quoting In re *McGlothlen*, 99 Wn.2d 515, 522 (1983)).

At summary judgment, all reasonable inference must be taken in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 250. Plaintiff attests that he believed Defendant to be his attorney with regard to a FELA action. He told several of his coworkers that Defendant was representing him, and relied on Defendant's advice that he should not give a statement to BNSF. Fees were never discussed and no formal fee agreement was executed. Defendant contends that he told Plaintiff that no viable FELA claim existed and told Plaintiff that he was not his attorney. Plaintiff never inquired as to what Defendant was doing on his behalf, no documents were exchanged or requested, and no investigation was made. Defendant never exchanged communications with BNSF or medical providers. Additionally, Plaintiff interacted with his employer personally, presenting a settlement demand letter. Defendant argues that Plaintiff's actions are indicative of Plaintiff's belief that he was unrepresented. Plaintiff previously retained counsel and knew how an attorney-client relationship worked; no relationship was formed here. The Court cannot rule, as a matter of law, that Plaintiff's subjective belief as to the existence of an attorney-client relationship was reasonable.

Because genuine issues of material facts exist as to whether an attorney-client relationship was ever formed, whether Defendant had, or breached, a duty of care is also in dispute. Furthermore, Defendant has not shown that BNSF's failure to install reflective tape and metal barrier were the proximate cause of his injuries. In a legal malpractice action, proximate cause exists if the client would

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** + 6

have fared better but for the attorney's negligence. *Lavigne v. Chase, Haskell, Hayes & Kalamon, P.S.*, 112 Wn. App. 677, 683 (2002). This requires a trial within a trial wherein the trier of fact must decide if the underlying cause of action would have resulted in a favorable verdict for the client. *Brust v. Newton*, 70 Wn. App. 286, 293 (1993). Under FELA, a railroad is liable in damages to any person it employs for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. 45 U.S.C. § 51. The FELA standard "is simply whether the proof justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 692 (2011).

      As Defendant notes, the accident occurred in broad-daylight. It is doubtful that reflective tape would have prevented the accident. Indeed, Plaintiff's own expert, William Schroeder, opined that given the legal standards under FELA and the relevant facts, Plaintiff "possessed sufficient facts to state a FELA claim against BNSF vis-à-vis the reflective striping issue, and that that these facts would be sufficient to resist a summary judgment motion and present a jury question for trial." ECF No. 23. Mr. Schroeder does not opine that Plaintiff is entitled to judgment as a matter of law, or that he would have succeeded in a FELA action. Defendant believed that Plaintiff's claim lacked merit. Because Plaintiff has not offered facts sufficient to demonstrate that he is entitled to judgment as a matter of law, Plaintiff's motion is denied.

//
//
//
//
//
//

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** + 7

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' Motion for Summary Judgment, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 13th day of November 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** + 8