FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 12, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

EDWARD MC ELMURRY and EVA MC ELMURRY, INDIVIDUALLY and the marital community thereof,

    Plaintiffs,

v.

RUSSELL INGEBRITSON and JANE DOE INGEBRITSON INDIVIDUALLY, and the marital community thereof and AGENTS/ OWNERS OF INGEBRITSON and ASSOCIATES, A MINNESOTA ENITY,

    Defendants.

No. 2:16-cv-00419-SAB

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

    Before the Court is Plaintiffs' Motion for Reconsideration 1) Relief Regarding Failure to Rule on Absence of Mesh Netting in Vehicle; and 2) Proximate Cause, ECF No. 49. Plaintiffs ask the Court to reconsider its Order Denying Plaintiffs' Motion for Summary Judgment, ECF No. 47. The motion was heard without oral argument. For the reasons stated here, Plaintiffs' motion is denied.

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** + 1

On November 13, 2017, the Court entered an Order denying Plaintiffs' Motion for Summary Judgment, ECF No. 20, because genuine issues of material fact existed. ECF No. 47. Plaintiffs now ask the Court to reconsider its ruling and hold as a matter of law that BNSF's failure to install mesh netting in the car Plaintiff was driving when he sustained an injury amounts to negligence under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* Plaintiffs contend that in its Order, the Court failed to rule on the issue of the absence of mesh netting to secure tools inside the vehicle. Specifically, Plaintiffs argue that because Defendants failed to refute their proffered evidence on the issue, they are entitled to judgment as a matter of law. Plaintiffs also contend that the Court erred by finding that Plaintiffs have not demonstrated that the absence of the mesh netting was the "proximate cause" of Mr. McElmurry's injuries.

## Standard

A party may ask the court to reconsider and amend a previous order. Fed R. Civ. P. 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003).

## Discussion

In its Order Denying Plaintiffs' Motion for Summary Judgment, ECF No. 47, the Court noted that "Defendant has not shown that BNSF's failure to install reflective tape and *metal barrier* were the proximate cause of his injuries." *Id.* (emphasis added). The Court further noted that Plaintiffs' own expert did not opine that Plaintiffs would succeed on their legal malpractice claim. William Schroeder opined that "BNSF's failure to provide luggage restraints as reflected

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** + 2

in McElmurry's declaration, in my opinion creates a jury question as to whether BNSF's failure to provide the luggage restraints contributed in any way, however slight, to Mr. McElmurry's injury." ECF No. 23. Plaintiffs argue that because Defendants did not provide any evidence to refute Mr. Schroeder's opinion, they are entitled to judgment as a matter of law. However, Mr. Schroeder's opinion alone does not entitle Plaintiffs to summary judgment on the issue of whether failure to install mesh netting in the vehicle amounted to negligence; only that, perhaps, Plaintiffs will survive a defense motion for summary judgment. Plaintiffs have offered no evidence that BNSF had a duty to install the mesh netting nor that the failure to do so contributed in any way to Mr. McElmurry's injuries.

Plaintiffs also take issue with the Court's use of the word "proximate cause" in relation to a FELA claim. However, in its Order the Court noted that:

> Under FELA, a railroad is liable in damages to any person it employs for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. 45 U.S.C. § 51. The FELA standard "is simply whether the proof justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 692 (2011).

ECF No. 47. The Court cited the correct standard in determining that Plaintiffs have not demonstrated that Mr. McElmurry was injured by BNSF's negligence, however slight. Although the use of the words "proximate cause" may have confused the parties, no manifest error was committed. Since Plaintiffs did not prove causation under the FELA standard, their motion for summary judgment was denied. Because Plaintiffs have not shown manifest errors of law or fact upon which the judgment is based exist, their motion for reconsideration is denied.

//

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** ~ 3

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' Motion for Reconsideration 1) Relief Regarding Failure to Rule on Absence of Mesh Netting in Vehicle; and 2) Proximate Cause, ECF No. 49, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 12th day of December 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** + 4