FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD MC ELMURRY and EVA MC ELMURRY, INDIVIDUALLY and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL INGEBRITSON and JANE DOE INGEBRITSON INDIVIDUALLY, and the marital community thereof and AGENTS/ OWNERS OF INGEBRITSON and ASSOCIATES, A MINNESOTA ENITY,<br><br>Defendant. | No. 2:16-cv-00419-SAB<br><br>**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 57, and several motions related thereto. The motions were heard without oral argument.

On November 30, 2017, Plaintiffs Edward and Eva McElmurry filed a Complaint for Legal Malpractice against Russell and Jane Doe Ingebritson and Agents/Owners of Ingebritson and Associates. ECF No. 1. Plaintiffs allege that

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** + 1

Edward McElmurry ("Plaintiff") was injured in a car accident on the job while an employee of BNSF Railroad. Plaintiff contends that Russell Ingebritson ("Defendant") agreed to represent him on a contingent fee basis in a Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, lawsuit against his employer. Plaintiff further alleges that Defendant failed to file a FELA action prior to the expiration of the statute of limitations. The Court denied Plaintiffs' motion for summary judgment, ECF No. 47, and declined to reconsider its decision, ECF No. 53. Defendants now move for summary judgment and seek to strike Plaintiffs' response as untimely or, alternatively, strike certain evidence as inadmissible. ECF No. 70. Plaintiffs filed a conditional motion to dismiss should the Court strike its pleadings. ECF No. 74.

## Defendants' Motion to Strike

First, Defendants request that the Court strike Plaintiffs' response to its motion for summary judgment as untimely. The Court declines to strike Plaintiffs' response, filed six days after the deadline, in the interests of judicial economy.

Alternatively, Defendants seek to strike portions of the declarations of Edward McElmurry and William Schroder, and evidence contained in a police report as hearsay. Hearsay is a statement that a party offers in evidence to prove the truth of the matter asserted in the statement and is not made by the declarant while testifying at a current trial or hearing. Fed. R. Evid. 801. Hearsay is inadmissible unless otherwise provided by statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court. Fed. R. Evid. 802.

With regard to Mr. McElmurry, Defendants move to strike the following as impermissible hearsay: "I heard him state to me and the State Patrol that he was distracted. He also told me he dropped his wedding ring and got a phone call before the accident," ECF No. 63 ¶ 3; and "He said he did not see me until immediately before impact, he said he did not see me until it was too late. He said he was going about 70-75 m.p.h. and he did not see me until it was too late." ECF

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** + 2

No. 63 ¶ 4. Both of these statements constitute impermissible hearsay. The Court will not consider these statements in ruling on Defendants' motion.

Defendants also seek to strike portions of a police report wherein the reporting officer writes that Todd Johnson was "distracted by a ringing phone" when he struck Plaintiff's automobile. ECF No. 65. Hearsay contained in a police report is inadmissible. *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973). Entries in a police report based on an officer's observation and knowledge may be admitted, but statements attributed to other persons are clearly hearsay, and inadmissible unless an exception applies. *Id.* The Court strikes this portion of the police report as it is not based on the reporting officer's observations.

Defendants further request that the Court strike the following portions of the Declaration of William Schroeder as not based on sufficient facts: "It is my opinion that BNSF's failure to provide luggage restraints created an unsafe place to work for Mr. McElmurry in violation of its duties under FELA," ECF No. 66 ¶ 4; and "Dr. Powers [sic] medical opinion adequately meets the FELA causation standard," ECF No. 66 ¶ 5. Contrary to Defendants' assertion, Dr. Schroeder's expert report identifies the facts on which he relies and sets forth his opinion. Accordingly, Defendants' motion is denied with regard to Dr. Schroeder's Declaration.

## Plaintiffs' Conditional Motion to Dismiss

In the event that the Court was inclined to strike Plaintiffs' response as untimely, Plaintiffs moved for a conditional dismissal without prejudice under Fed. R. Civ. P. 41(a)(2). This motion is denied. Moreover, it would not be proper to allow Plaintiffs to dismiss this action voluntarily because of their untimely response after Defendants filed their motion for summary judgment.

//
//

## Disputed Facts

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** + 3

The disputed facts are detailed in the Court's Order Denying Plaintiffs' Motion for Summary Judgment, ECF No. 47, and will not be comprehensively discussed here. However, since the Court's ruling, the parties have engaged in additional discovery relating to the accident in question.

The collision at issue in this lawsuit occurred in the late afternoon on June 15, 2012 on Interstate-90 outside of Spokane, Washington. At the time of the collision, Todd Johnson was on his hands-free Bluetooth device when his telephone call cut out. The telephone rang again, he picked it up using his Bluetooth device, and a car driven by Plaintiff suddenly pulled out in front of him in the left-hand lane traveling approximately five miles per hour. Mr. Johnson testified that at the time he was driving approximately seventy miles per hour and had no time to stop or hit the brakes. As a result, a collision occurred and Mr. Johnson's vehicle went over the top of Plaintiff's work vehicle and flipped three times.

Plaintiff disputes Mr. Johnson's version of the facts, stating that Plaintiff was traveling in the same lane as Mr. Johnson for several minutes. According to Plaintiff, Mr. Johnson should have had an abundance of time to stop before the collision. Plaintiff also declares that an unsecured tub of tools struck the back of his seat during the collision and caused a low-back injury. The parties dispute whether this information was ever conveyed to Defendants. Timothy Powers, M.D., treated Plaintiff for these injuries, and opined that his lumbar spine condition was related to the collision on a more probable than not basis. ECF No. 64. He also opines that the unsecured tub of tools that struck Plaintiff contributed to this condition on a more probable than not basis.

## Legal Standard

Summary judgment is appropriate if the pleadings, discovery, and affidavits demonstrate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317,

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** + 4

323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325; *see also Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

When considering a motion for summary judgment, the Court neither weighs evidence nor assesses credibility; instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When relevant facts are not in dispute, summary judgment as a matter of law is appropriate, *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), but "[i]f reasonable minds can reach different conclusions, summary judgment is improper." *Kalmas v. Wagner*, 133 Wash. 2d 210, 215 (1997).

**Discussion**

In order to establish a legal malpractice claim, a plaintiff must demonstrate "(1) [t]he existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client[1]; (2) an act or omission in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred." *Hizey v. Carpenter*, 119 Wash. 2d 251, 260-61 (1992). Defendants move for summary judgment on the issue of causation. In order to succeed in a legal malpractice action, Plaintiffs must demonstrate that, but for Defendant's negligence, Plaintiff probably would have

---

[1] As previously noted in the Court's Order Denying Plaintiffs' Motion for Summary Judgment, ECF No. 47, genuine issues of material fact exist as to whether an attorney-client relationship between Plaintiff and Defendant was ever formed. This disputed fact must be decided at trial.

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** + 5

prevailed on the underlying claims. *Schmidt v. Coogan*, 162 Wash. 2d 488, 492 (2007).

**Reflective Tape Theory**

Plaintiff alleges that his employer was negligent in failing to install reflective tape on the back of his work vehicle. Had this tape been installed, Plaintiff argues, no injury would have occurred. Plaintiff's contentions are unpersuasive. While Plaintiff may have proffered disputed facts as to whether Plaintiff and Mr. Johnson were traveling in the same lane prior to the collision, he has not demonstrated that installation of reflective tape would have altered the outcome. Mr. Johnson testified that the collision occurred in broad daylight with clear road conditions, that he saw Plaintiff's car, and that the incident would not have been prevented had reflective tape been installed. While Plaintiff suggests that Mr. Johnson was distracted and dropped his wedding ring, this is insufficient to create a genuine issue of material fact in order to overcome summary judgment. Defendants' motion is granted with respect to Plaintiff's reflective tape theory.

**Mesh Barrier Theory**

Plaintiff also alleges that his employer was negligent in failing to install a mesh barrier between the front seat and the back compartment of the vehicle. Had this mesh barrier been installed, Plaintiff argues that he would not have been injured by flying tools in the collision. Defendants contend that this theory of liability must fail because (1) Plaintiff did not plead this theory in his complaint; (2) Plaintiff never discussed this theory with Defendants; and (3) there is no causal relationship between the absence of mesh and Plaintiff's injuries.

First, while this theory is not pled in Plaintiffs' Complaint, it has been the subject of prior litigation, including at summary judgment. Accordingly, the Court finds that Defendants have sufficient notice of the mesh barrier theory of liability; any challenge should have been made in a prior motion.

Second, Plaintiff offered evidence that he mentioned the unsecured tub of tools that struck his back during the collision to Defendants. Defendants filed a competing declaration that Plaintiff never mentioned any mesh barrier theory of liability nor that his lower-back injury had any causal relationship to the collision. However, at summary judgment, the facts must be taken in the light most favorable to the non-moving party. Because Plaintiff has created a genuine issue of material fact as to whether this theory was ever mentioned to Defendants, Defendants' motion is denied on this ground.

Third, Dr. Powers opined that Plaintiff's lumbar spine condition is related to the collision on a more probable than not basis, and that the injury can be attributed to the unsecured tub to tools that struck Plaintiff's back on a more probable than not basis. Dr. Powers' testimony is uncontroverted and tends to establish a causal relationship between the flying tools and Plaintiff's injury. Because a genuine issue of material fact exists as to whether there is a causal connection between Plaintiff's injury and the lack of a mesh barrier, Defendants' motion for summary judgment as to this mesh barrier theory of liability is denied.

//
//
//
//
//
//
//
//
//
//

Accordingly, **IT IS ORDERED:**

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** + 7

1. Defendants' Motion for Summary Judgment, ECF No. 57, is **GRANTED in part and DENIED in part**.

2. Defendants' Motion to Strike, ECF No. 70, is **GRANTED in part and DENIED in part**.

3. Defendants' Motion to Expedite, ECF No. 71, is **DENIED**.

4. Plaintiffs' FRCP 41(a)(2) Conditional Motion for Dismissal Without Prejudice, ECF No. 74, is **DENIED**.

5. Plaintiffs' Motion to Expedite, ECF No. 75, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 6th day of March 2018.

_Stanley A. Bastian_
Stanley A. Bastian
United States District Judge

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** + 8