FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 29, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD MC ELMURRY and EVA MC ELMURRY, INDIVIDUALLY and the marital community thereof,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>RUSSELL INGEBRITSON and JANE DOE INGEBRITSON INDIVIDUALLY, and the marital community thereof and AGENTS/ OWNERS OF INGEBRITSON and ASSOCIATES, A MINNESOTA ENITY,<br><br>　　　　Defendants. | No. 2:16-cv-00419-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

　　　Before the Court is Plaintiffs' Motion for Reconsideration of Court's Partial Dismissal of FELA Claim, ECF No. 85. Plaintiffs ask the Court to reconsider its Order Re: Defendants' Motion for Summary Judgment, ECF No. 77, wherein the Court dismissed Plaintiffs' reflective tape theory of liability. The motion was heard without oral argument. For the reasons stated here, Plaintiffs' motion is denied.

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** + 1

On March 6, 2018, the Court entered an Order granting in part Defendants' motion for summary judgment on Plaintiffs' reflective tape theory of liability. ECF No. 77. It permitted Plaintiffs' mesh barrier theory of liability to survive. In its Order, the Court also struck portions of the declaration of Edward McElmurry and portions of a police report as hearsay but declined to strike portions of the declaration of William Schroeder as his opinion was based upon sufficient facts. ECF No. 77. On April 25, 2018, Plaintiffs filed the instant motion. ECF No. 85.

## Standard

A party may ask the court to reconsider and amend a previous order. Fed R. Civ. P. 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of the order sought to be reconsidered. A party may also seek relief from an order on the grounds of mistake, newly discovered evidence, fraud, or any other reason that justifies relief under Fed. R. Civ. P. 60(b). Such a motion must be made within a reasonable time within entry of the order at issue. Fed. R. Civ. P. 60(c)(1).

## Discussion

Plaintiffs' motion for reconsideration is untimely. The Court's Order dismissing Plaintiffs' FELA claim was filed on March 6, 2018. ECF No. 77. Plaintiffs' motion for reconsideration was not filed until April 25, 2018, well after the twenty-eight day time period for the filing of such motions. ECF No. 85. The Court may reconsider its prior Order under Fed. R. Civ. P. 60(b) for any other

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** + 2

reason that justifies relief. Plaintiffs has not made a showing that relief is justified. Rather, Plaintiffs impermissibly rehash the same arguments previously made in response to Defendants' motion for summary judgment. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, Plaintiffs' motion is denied.

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' Motion for Reconsideration of Court's Partial Dismissal of FELA Claim, ECF No. 85, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 29th day of May 2018.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION + 3**